# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYER MARQUEZ BUENO, | : Civil No. 4:19-CV-00752 |
| Petitioner, | : |
| v. | : |
| | : Judge Jennifer P. Wilson |
| CLAIR DOLL, | : |
| Warden, York County Prison, *et al.*, | : |
| Respondents. | : Magistrate Judge William I. Arbuckle |

## MEMORANDUM

This is an immigration habeas corpus case under 28 U.S.C. § 2241 in which Petitioner seeks an individualized bond hearing before an immigration judge. Before the court is the petition for writ of habeas corpus, Petitioner's motion to expedite resolution of the petition, a report and recommendation from United States Magistrate Judge William I. Arbuckle recommending that the court grant the petition and order an individualized bond hearing, and Respondent's objections to the report and recommendation.  (Docs. 1, 12, 14, 15.)  For the reasons that follow, the report and recommendation is adopted in its entirety and the petition for writ of habeas corpus is granted.

### STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

1

*Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

### HABEAS CORPUS STANDARD

A United States district court may issue a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In determining whether habeas corpus relief is appropriate in the immigration context, the court's review is limited "to questions of constitutional and statutory law." *Bakhtriger v. Elwood*, 360 F.3d 414, 424 (3d Cir. 2004), *superseded by statute on other grounds*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). The court may not examine "the exercise of discretion or weight of the evidence in the underlying removal proceedings." *Id.*

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Royer Marquez Bueno ("Bueno") is a native of Venezuela who has been a lawful permanent resident of the United States since 2006. (Doc. 1 at 1–2.) After multiple convictions for drug possession, Bueno was taken into custody by United States Immigration and Customs Enforcement ("ICE") and subsequently detained at the York County Prison in York, Pennsylvania on June 28, 2018. (*Id.*) Bueno has been detained at York County Prison ever since, pursuant to 8 U.S.C. § 1226(c). (*Id.*) In that time, ICE has never given Bueno an individualized bond hearing to determine whether his continued detention is necessary. (*Id.* at 2.) Bueno filed the petition that initiated this case on May 1, 2019, alleging that his continued detention without a bond hearing violates the Due Process Clause of the United States Constitution. (*Id.*)

Judge Arbuckle addressed Bueno's petition in a report and recommendation on March 30, 2020. (Doc. 14.) Judge Arbuckle notes that under binding Third Circuit precedent, continued detention under § 1226(c) without a bond hearing violates the Due Process Clause if it becomes unreasonably prolonged. (*Id.* at 7–8.) Judge Arbuckle then reviews decisions from this district and other districts in this circuit and concludes that based on that case law, Bueno's detention—which at the time of the report and recommendation had continued for approximately twenty months—had become unreasonably prolonged. (*Id.* at 8–9.) Judge Arbuckle

accordingly recommends that the court grant Bueno's petition and order the government to conduct an individualized bond hearing. (*Id.* at 9.) Respondents objected to the report and recommendation on April 13, 2020. (Docs. 15–16.) The court addresses those objections below.

## DISCUSSION

Bueno's detention is governed by 8 U.S.C. § 1226(c), which provides for mandatory pre-removal detention of individuals who have committed certain enumerated crimes. Although § 1226(c) does not explicitly require a bond hearing at any point during an individual's detention, Third Circuit precedent prior to February 27, 2018, read the statute as implicitly requiring a bond hearing after a certain amount of time. *See Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 475 (3d Cir. 2015) (citing *Diop v. ICE*, 656 F.3d 221, 231 (3d Cir. 2011)). That precedent, however, was abrogated by the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. __, 138 S. Ct. 830, 846–47 (2018), where the Court rejected an identical precedent from the United States Court of Appeals for the Ninth Circuit. *Id.*; *see also Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 222 n. 11 (3d Cir. 2018) (recognizing that *Jennings* abrogated the statutory holdings of *Chavez-Alvarez* and *Diop*). Nevertheless, Third Circuit precedent also recognizes constitutional limits on the duration of detention under § 1226(c), and that precedent was not abrogated by the Supreme Court's *Jennings*

decision.  *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long.").

The report and recommendation in this case concludes that Bueno's continued detention without a bond hearing under § 1226(c) is unconstitutional. Respondents object to this conclusion, arguing that this "is not the type of case that warrants a constitutional remedy" because Bueno's continued detention is for a legitimate purpose.  (Doc. 16 at 3–5.)  Respondents additionally argue that because Bueno is detained pursuant to 8 U.S.C. § 1226(c), he has already been afforded extensive due process safeguards.  (*Id.* at 6.)  Finally, Defendants assert that the delays in Bueno's removal proceedings reflect his "litigation decisions in seeking relief from his removal" and argue that the court should consider that some of the delays are attributable to Bueno's litigation strategies when considering whether Bueno's detention has become unreasonably prolonged.  (*Id.* at 10.)

Bueno filed a response to the objections on April 16, 2020.  (Doc. 17.) Bueno argues that under Third Circuit precedent, the government may not detain him indefinitely, regardless of whether his detention continues to serve a legitimate purpose.  (*Id.* at 5.)  Bueno further argues that it does not matter whether he has been afforded procedural safeguards during his removal proceedings because he still has not been afforded an individualized bond hearing to determine whether his

continued detention is necessary. (*Id.* at 5–6.) Finally, Bueno argues that the court should not base its decision on whether his seeking relief from removal prolonged his detention because he did not pursue such relief in bad faith. (*Id.* at 6–7.)

After conducting a de novo review of the report and recommendation and Respondents' objections, the court will adopt the report and recommendation. As the report and recommendation notes, Doc. 14 at 8–9, multiple courts in this district have found that detention without a bond hearing under § 1226(c) for periods of more than twenty months is unconstitutional. *See, e.g.*, *Williams v. Hoover*, No. 19-CV-01619, 2020 WL 905600, at *3 (M.D. Pa. Feb. 25, 2020) (finding detention for twenty months without a bond hearing unconstitutional); *Chikerema v. Lowe*, No. 1:18-CV-01031, 2019 WL 3891086, at *4 (M.D. Pa. Aug. 19, 2019) (finding detention for over twenty months unconstitutional). In line with those decisions, the court concludes that Bueno's detention, which has continued for twenty-three months, has become unconstitutionally prolonged.

Respondents' first two objections do not alter this conclusion because Third Circuit precedent makes clear that continued detention without a bond hearing under § 1226(c) is unconstitutional when it becomes unreasonably prolonged. *Borbot*, 906 F.3d at 278. Whether the continued detention is for a legitimate purpose and whether the detainee has received procedural safeguards in his underlying removal proceeding do not alter the analysis of whether the detention

has become unreasonably prolonged. *See Chavez-Alvarez*, 783 F.3d at 475 ("[I]t is possible that a detention may be unreasonable even though the Government has handled the removal case in a reasonable way."), *abrogated in non-relevant part*, *Jennings*, 138 S. Ct. at 830. Respondents' first two objections accordingly fail.

Respondents' third objection also fails because, as Judge Arbuckle notes, there is no evidence that Bueno acted in bad faith in challenging his removal. (*See* Doc. 14 at 9.) A petitioner's decision to challenge his removal that is not done in bad faith cannot be held against him in determining whether his continued detention has become unreasonable. *Chavez-Alvarez*, 783 F.3d at 476 (citing *Leslie v. Att'y Gen.*, 678 F.3d 265, 271 (3d Cir. 2012), *abrogated in non-relevant part*, *Jennings*, 138 S. Ct. at 830. The court will therefore overrule Respondents' objections and adopt the report and recommendation.

## Conclusion

For the foregoing reasons, the report and recommendation is adopted and the petition is granted. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: May 29, 2020